FILED
2016 Apr-27  PM 05:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES WEEMS**, )<br>)<br>        **Plaintiff,** )<br>)<br>vs. )<br>)<br>**UNITED TECHNOLOGIES** )<br>**CORPORATION**, individually )<br>and on behalf of its **PRATT &** )<br>**WHITNEY** division and as )<br>successor in interest to )<br>**GOODRICH CORP.**, f/k/a **BF** )<br>**GOODRICH COMPANY**, )<br>)<br>**PARKER HANNIFIN**, )<br>individually and as successor in )<br>interest to **CLEVELAND** )<br>**WHEEL AND BRAKE;** )<br>)<br>**HONEYWELL** )<br>**INTERNATIONAL, INC.,** )<br>individually and as successor in )<br>interest to **ALLIED CHEMICAL,** )<br>**INC.,** f/k/a **BENDIX** )<br>**CORPORATION** and successor )<br>in interest to **SIGNAL OIL &** )<br>**GAS CO.,** f/k/a **GARRETT** )<br>**CORPORATION;** )<br>)<br>**GOODYEAR TIRE & RUBBER** )<br>**COMPANY;** )<br>)<br>**CESSNA AIRCRAFT** )<br>**COMPANY;** )<br>)<br>**GENERAL ELECTRIC** )<br>**COMPANY;** )<br>)<br>**IMO INDUSTRIES, INC.,** )<br>individually and as successor in ) | **Civil Action No.:** _____ |

1

| | |
|---|---|
| interest to **ADEL FASTENERS**; | ) |
| | ) |
| **EATON CORPORATION,** | ) |
| individually and as successor in | ) |
| interest to **AEROQUIP CORP.**; | ) |
| | ) |
| **Defendants.** | |

# COMPLAINT

COMES NOW the Plaintiff in the above styled action, by and through his undersigned counsel, and files this complaint and states as follows:

# NATURE OF COMPLAINT

1. This is a civil action for damages for the personal injury of the Plaintiff, James Weems, arising from the intentional, knowing, reckless, and/or negligent acts and omissions of Named Defendants, United Technologies Corporation individually and on behalf of its Pratt & Whitney division and as successor in interest to Goodrich, Corp., f/k/a BF Goodrich Company; Parker Hannifin as successor in interest to Cleveland Wheel and Brake; Honeywell International, Inc., individually and as successor in interest to Allied Chemical, Inc., f/k/a Bendix Corporation and as successor in interest to Signal Oil & Gas Co., f/k/a Garrett Corporation; Goodyear Tire & Rubber Company; Cessna Aircraft Company; General Electric Company; IMO Industries, Inc., individually and as successor in interest to Adel Fasteners; and Eaton Corporation, individually and as successor in interest to Aeroquip Corp. in connection to the production,

2

manufacture, specification for use, installation, distribution, and/or sale of asbestos-containing aircraft and/or aircraft products to which the Plaintiff was exposed.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 as all parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

3. Venue is proper in this Court because the Plaintiff currently resides and was diagnosed in Blount County, Alabama and his asbestos exposure giving rise to this action took place in Jefferson County, Alabama, both of which are counties in the Southern Division of this Court.

## PARTIES

4. Plaintiff James Weems is over 19 years of age and is a citizen and resident of Blount County, Alabama.

5. Defendant, United Technologies Corporation, individually and on behalf of its Pratt & Whitney division and as successor in interest to Goodrich Corp. f/k/a BF Goodrich Company ("UTC"), is, upon information and belief, a Delaware corporation with its principal place of business located in Hartford, Connecticut. This Defendant may be served through its registered agent for

service of process, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

6. Defendant, Parker Hannifin, individually and as successor in interest to Cleveland Wheel and Brake ("Parker"), is, upon information and belief, an Ohio corporation with its principal place of business located in Cleveland, Ohio. This Defendant may be served through its registered agent for service of process, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

7. Defendant, Honeywell International, Inc., individually and as successors in interest to Allied Chemical, Inc., f/k/a Bendix Corporation and as successor in interest to Signal Oil & Gas Co., f/k/a Garrett Corporation ("Honeywell"), is, upon information and belief, a Delaware corporation with its principal place of business located in Morristown, New Jersey. This Defendant may be served through its registered agent for service of process, CSC Lawyers Incorporating Service, Inc. 150 South Perry Street, Montgomery, AL 36104.

8. Defendant, Goodyear Tire & Rubber Company ("Goodyear"), is, upon information and belief, an Ohio corporation with its principal place of business located in Akron, Ohio. This Defendant may be served through its registered agent for service of process, CSC Lawyers Incorporating Service, Inc. 150 South Perry Street, Montgomery, AL 36104.

9. Defendant, Cessna Aircraft Company ("Cessna"), is, upon information and belief, a Kansas corporation with its principal place of business located in Wichita, Kansas. This Defendant may be served through its registered agent for service of process, The Corporation Company, Inc., 112 Southwest 7th Street, Suite 3C, Topeka, Kansas 66603.

10. Defendant, General Electric Company ("GE"), is, upon information and belief, a New York corporation with its principal place of business located in Fairfield, Connecticut. This Defendant may be served through its registered agent for service of process, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

11. Defendant, IMO Industries, Inc., individually and as successor in interest to Adel Fasteners ("IMO"), is, upon information and belief, a Delaware corporation with its principal place of business located in Monroe, North Carolina. This Defendant may be served through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

12. Defendant, Eaton Corporation, individually and as successor in interest to Aeroquip Corp. ("Eaton"), is, upon information and belief, an Ohio corporation with its principal place of business located in Cleveland, Ohio. This Defendant may be served through its registered agent for service of process, CT

5

Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

## BACKGROUND FACTS

13. From 1975 through 2005, Plaintiff worked as an aircraft mechanic at several locations throughout the Birmingham, Alabama area. In this capacity, Plaintiff worked with aircraft manufactured, produced, sold, and/or distributed with asbestos-containing component parts and for which asbestos-containing replacement parts were specified. These asbestos-containing aircraft parts included, but were not limited to, engines, gaskets, brakes, brake linings, heat shields, adhesives, fire sleeves, and clamps which contained significant amounts of asbestos-containing products and materials. The use of these asbestos-containing aircraft parts created an asbestos-containing dust that Plaintiff inhaled.

14. These asbestos-containing aircraft and/or aircraft parts were produced, manufactured, specified for use, installed, distributed, supplied, sold and/or placed into the stream of commerce by one or more of the Defendants, including but not limited to:

      a. Asbestos containing engines, brakes, and brake linings produced, manufactured, specified for use, installed, distributed, supplied, sold and/or placed into the stream of commerce by Defendant UTC.

6

b. Asbestos containing brakes and brake linings produced, manufactured, specified for use, installed, distributed, supplied, sold and/or placed into the stream of commerce by Defendant Parker.

c. Asbestos containing engines, brakes, and brake linings produced, manufactured, specified for use, installed, distributed, supplied, sold and/or placed into the stream of commerce by Defendant Honeywell.

d. Asbestos containing brakes and brake linings produced, manufactured, specified for use, installed, distributed, supplied, sold and/or placed into the stream of commerce by Defendant Goodyear.

e. Asbestos containing aircraft produced, manufactured, specified for use, installed, distributed, supplied, sold and/or placed into the stream of commerce by Defendant Cessna.

f. Asbestos containing engines produced, manufactured, specified for use, installed, distributed, supplied, sold and/or placed into the stream of commerce by Defendant GE.

g. Asbestos containing clamps produced, manufactured, specified for use, installed, distributed, supplied, sold and/or placed into

        the stream of commerce by Defendant IMO.

    h.    Asbestos containing fire sleeves produced, manufactured, specified for use, installed, distributed, supplied, sold and/or placed into the stream of commerce by Defendant Eaton.

15. As a result of his exposure to Defendants' asbestos materials and products, Plaintiff developed lung cancer, an asbestos related disease.

## **COUNT ONE – NEGLIGENCE**

16. Plaintiff adopts and incorporates by reference all the foregoing language of this Complaint as if fully set forth herein and further states as follows.

17. Plaintiff alleges this cause of action against all of the Defendants jointly and severally.

18. Defendants knew or should have known that asbestos and asbestos-containing products and materials are dangerous to human health, and that without proper protection, asbestos can be harmful and unsafe, and cause the type of harm suffered by the Plaintiff.

19. Each of the Defendants had a duty to the Plaintiff to exercise reasonable care in designing, testing, manufacturing, marketing, selling asbestos and asbestos-containing products and materials. Defendants negligently breached their duties by failing:

      a.      To select types of asbestos or available alternate materials that would reduce or eliminate health hazards to those who would work with, and in the vicinity of, asbestos, including the Plaintiff;

      b.      To warn adequately of the extraordinary health hazards known by the Defendants to be associated with asbestos use;

      c.      To instruct adequately in methods of using asbestos that would reduce the danger of inhalation or ingestion of asbestos dust;

      d.      To test adequately the asbestos products to determine the dangers concomitant with their use;

      e.      To remove the asbestos products from the stream of commerce upon discovering their dangerous properties;

      f.      To inspect the asbestos products for adequate warnings and instructions.

20.    In breaching their duties to the Plaintiff, as described above, the Defendants acted negligently in that each of them knew or should have known through data available exclusively to them that asbestos was inherently and extraordinarily dangerous if used in the manner intended and foreseen by the Defendants, and that each of their aforesaid breaches of duty would result in the injuries to the Plaintiff complained of herein.

21. As a direct and proximate result of the Defendants' aforesaid breaches of their duties to the Plaintiff, he developed lung cancer, an asbestos related disease.

## COUNT TWO – WANTONNESS

22. Plaintiff adopts and incorporates by reference all the foregoing language of this Complaint as if fully set forth herein and further states as follows.

23. Plaintiff alleges this cause of action against all of the Defendants jointly and severally.

24. Defendants knew or should have known that asbestos and asbestos-containing products and materials are dangerous to human health, and that without proper protection, asbestos can be harmful and unsafe, and cause the type of harm suffered by the Plaintiff.

25. Each of the Defendants had a duty to the Plaintiff to exercise reasonable care in designing, testing, manufacturing, marketing, selling asbestos and asbestos-containing products and materials. Defendants wantonly breached their duties by failing:

> a. To select types of asbestos or available alternate materials that would reduce or eliminate health hazards to those who would work with, and in the vicinity of, asbestos, including the Plaintiff;

      b.      To warn adequately of the extraordinary health hazards known by the Defendants to be associated with asbestos use;

      c.      To instruct adequately in methods of using asbestos that would reduce the danger of inhalation or ingestion of asbestos dust;

      d.      To test adequately the asbestos products to determine the dangers concomitant with their use;

      e.      To remove the asbestos products from the stream of commerce upon discovering their dangerous properties;

      f.      To inspect the asbestos products for adequate warnings and instructions.

26.    In breaching their duties to the Plaintiff, as described above, the Defendants acted intentionally and/or with gross negligence, and/or recklessly, maliciously and wantonly in that each of them knew or should have known through data available exclusively to them that asbestos was inherently and extraordinarily dangerous if used in the manner intended and foreseen by the Defendants, and that each of their aforesaid breaches of duty would result in the injuries to the Plaintiff complained of herein.

27.    As a direct and proximate result of the Defendants' aforesaid breaches of their duties to the Plaintiff, he developed lung cancer, an asbestos related disease.

## COUNT THREE – BREACH OF WARRANTIES

28. Plaintiff adopts and incorporates by reference all the foregoing language of this Complaint as if fully set forth herein and further states as follows.

29. Defendants were regularly engaged as sellers and distributors of asbestos and asbestos-containing products and materials and did sell and distribute asbestos and asbestos-containing products and materials. Defendants had reason to know the particular purpose for which their asbestos and asbestos-containing products and materials were being purchased and used.

30. Plaintiff and other purchasers and users of the asbestos and asbestos-containing products reasonably relied on Defendants' skill and judgment to select or provide suitable products and materials for the particular purpose, and Defendants knew the Plaintiff and other purchasers and users were relying on Defendants' skill and judgment to select or provide suitable products and materials.

31. Plaintiff used Defendants' asbestos-containing products and materials for the ordinary purpose for which such products are used as well as for the particular purpose for which they were sold by the Defendants.

32. The asbestos-containing products and materials were not suitable or fit for the particular purpose for which they were sold by Defendants.

33. The asbestos-containing products and materials were not suitable or fit for the ordinary purposes for which they were used.

34. Defendants each breached their implied warranties in that their products were not sold and furnished in a merchantable and reasonably safe condition and were not fit for the particular purpose intended in accordance with the laws of the State of Alabama.

35. As a direct and proximate result of the Defendant's aforesaid breaches, Plaintiff developed lung cancer, an asbestos related disease.

### COUNT FOUR – ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

36. Plaintiff adopts and incorporates by reference all the foregoing language of this Complaint as if fully set forth herein and further states as follows.

37. Plaintiff alleges this cause of action against all of the Defendants jointly and severally.

38. At all times material hereto, Defendants were engaged in the business of selling, distributing, manufacturing, marketing and promoting of asbestos and asbestos-containing products and materials which were unreasonably dangerous and therefore defective.

39. At all times material hereto, Defendants sold, distributed, manufactured, promoted and marketed asbestos and asbestos-containing products and materials that were expected to reach, and did reach consumers, including

Plaintiff, without substantial change in the condition in which the products and materials left the possession of Defendants.

40. At all times material hereto, the asbestos and asbestos-containing products and materials sold, distributed, manufactured, promoted and marketed by Defendants were unreasonably dangerous, and therefore defective, because Defendants:

    a. failed to warn adequately of the extraordinary health hazards known by the Defendants to be associated with asbestos use;

    b. failed to select types of asbestos or available alternate materials that would reduce or eliminate health hazards to those who would work with, and in the vicinity of, asbestos;

    c. failed to select available alternate materials that would reduce or eliminate health hazards to those who would work with, and in the vicinity of, asbestos;

    d. failed to instruct adequately in methods of using asbestos that would reduce the danger of inhalation or ingestion of asbestos dust;

    e. failed to test adequately the asbestos products to determine the dangers concomitant with their use;

  f. failed to remove the asbestos products from the stream of commerce upon discovering their dangerous properties; and

  g. failed to inspect the asbestos products for adequate warnings and instructions.

41. As a direct and proximate result of the Defendants' aforesaid conduct, Plaintiff developed lung cancer, an asbestos related disease.

WHEREFORE, above premises considered, Plaintiff demands judgment against the Defendants, jointly and severally for compensatory and punitive damages in excess of the amount in controversy requirement, plus costs and all other forms of relief provided by law or equity.  Plaintiff demands a trial of this action by struck jury.

Respectfully submitted this the 27th day of April 2016.

    s/ Leila Watson
    **LEILA H. WATSON**
    Bar Number:  ASB-3023-S74L

    s/ R. Andrew Jones
    **R. ANDREW JONES**
    Bar Number:  ASB-0096-I11R

    s/ Karen Lawrence Puccio
    **KAREN L. PUCCIO**
    Bar Number:  ASB-7624-E24Z

                Attorneys for Plaintiff
                CORY WATSON, P.C.
                2131 Magnolia Avenue, Suite 200
                Birmingham, Alabama 35205
                Telephone: (205) 328-2200
                Fax: (205) 324-7896
                E-mail: lwatson@corywatson.com
                E-mail: ajones@corywatson.com
                E-mail: kpuccio@corywatson.com